Filed 3/25/25  P. v. Guerrero CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083231 |
| v. | (Super.Ct.No. RIF1203580) |
| DAVID GUERRERO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Andrew Mestman, and Jon S. Tangonan, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2015, a jury convicted David Guerrero of attempted willful, deliberate, and premeditated murder and found that he used a deadly or dangerous weapon in committing the offense. (Pen. Code, §§ 664, 187, subd. (a), & 12022, subd. (b)(1)).) (Unlabeled statutory citations refer to the Penal Code.) The court found true that Guerrero had been convicted of two serious felonies, that he had served two prior prison terms, and that he had two prior strike convictions. The court sentenced Guerrero to 36 years to life in state prison. His sentence consisted of 25 years to life for the attempted murder count, one year for the weapon use enhancement, and five years for each of his two serious felony convictions. The court also imposed but stayed two one-year sentences for the prior prison term enhancements.

In 2022, the California Department of Corrections and Rehabilitation (CDCR) notified the trial court that Guerrero was serving a term for a judgment that included prior prison term enhancements that are now invalid under section 1172.75.[1] In December 2023, the court held a hearing on Guerrero's eligibility for relief under section 1172.75. The court found that Guerrero was not eligible for resentencing under section 1172.75 and struck the enhancements "nunc pro tunc because they never should have been stayed."

---

[1] On the court's own motion, we took judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642, and augmented the record in this case to include the CDCR list dated June 16, 2022, listing individuals eligible for relief under section 1172.75. Guerrero is listed on page 18 of that document.

2

On appeal, Guerrero argues that subdivision (d) of section 1172.75 applies to defendants who have prior prison term enhancements that were imposed and stayed. We disagree.

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75, subdivision (b), requires the Secretary of CDCR and the administrators for each county jail to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to provide certain information about those individuals "to the sentencing court that imposed the enhancement." Upon receiving that information, the trial court "shall recall the sentence and resentence the defendant" if the court "determines that the current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the court determines that the individual's judgment includes such an enhancement, the defendant's resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

The case law is currently split on the issue of whether section 1172.75 applies to prior prison term enhancements that were imposed but stayed. *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), held that

3

"imposed" in subdivision (a) of section 1172.75 must be interpreted to mean "imposed and executed" in order to make sense of the requirement in section 1172.75, subdivision (d)(1), that resentencing must result in "*a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement*." (*Rhodius*, at pp. 43-45.)

The rest of the appellate decisions to consider the issue have concluded that section 1172.75 applies regardless of whether the imposed prior prison term enhancement was executed or stayed. (*People v. Renteria* (2023) 96 Cal.App.5th 1276; *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853 (*Mayberry*).) *Christianson*, *Saldana*, and *Mayberry* reasoned that *Rhodius*'s concern about applying section 1172.75 to stayed enhancements was unfounded, because striking a stayed enhancement does result in a "lesser" sentence within the meaning of section 1172.75, subdivision (d)(1). As *Christianson* explained, a stayed enhancement carries "the potential for an increased sentence," because "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, at p. 312.) Striking a stayed enhancement thus results in a "lesser sentence" within the meaning of section 1172.75, subdivision (d), because it eliminates the risk that the enhancement will be executed in the future. (*Christianson*, at p. 312; see also *Saldana*, at p. 1278; *Mayberry*,

4

at pp. 674-675 ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution," and striking them "eliminates their impact"].)

Our Supreme Court has granted review to resolve the split. (*Rhodius*, *supra*, 97 Cal.App.5th 38, review granted.) Pending guidance from the Supreme Court, we agree with *Rhodius* for the following reasons: The primary goal of statutory interpretation "'is to determine the Legislature's intent so as to effectuate the law's purpose.'" (*People v. Ruiz* (2018) 4 Cal.5th 1100, 1105.) As *Rhodius* explained, the Supreme Court has held that the statutory term "impose" is ambiguous because the Legislature sometimes uses it "as shorthand for 'impose and then execute.'" (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1127, italics omitted; *Rhodius*, at p. 43.) The consequent ambiguity in subdivision (a) of section 1172.75 is resolved by the unambiguous declaration of legislative intent in the uncodified preamble of Senate Bill No. 483 (2021-2022 Reg. Sess.), which created section 1171.1, which was later renumbered as section 1172.75 by Assembly Bill No. 200 (2021-2022 Reg. Sess.). The Legislature explained that "it is the intent of the Legislature to retroactively apply [the new limitations on prior prison term enhancements] *to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements*." (Stats. 2021, ch. 728, § 1, italics added.) A defendant as to whom a prior prison term enhancement was imposed but stayed is not serving a term of incarceration in jail or prison for that enhancement, so the Legislature did not intend to provide retroactive relief to such a defendant. Therefore, in subdivision (a) of section 1172.75, the Legislature must have used "imposed" as shorthand for

5

"imposed and executed."  Because section 1172.75 consequently does not apply to stayed enhancements, the trial court correctly declined to resentence Guerrero under subdivision (d) of that section.[2]

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:


MILLER
      Acting P. J.


CODRINGTON
      J.

---

[2]    We note that the trial court's rationale for striking the prior prison term enhancements—namely, that under *People v. Langston* (2004) 33 Cal.4th 1237 the enhancements should not have been stayed in the first place—may have been erroneous, because the original sentencing court may have permissibly stayed them in order to avoid improper dual use.  (See *People v. Brewer* (2014) 225 Cal.App.4th 98, 104-105.)  But because a court conducting a postjudgment proceeding now has "jurisdiction to modify every aspect of the defendant's sentence" (§ 1171, subd. (c)(2)), and because no party objects to the striking of the enhancements, we leave the trial court's order undisturbed.